UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMORY BOOKER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 17-10717-LTS |
| ALDEN COWEN and JOHN DOE, | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO DISMISS (DOC. NO. 11)

June 20, 2017

SOROKIN, J.

Defendant Cowen has moved to dismiss Plaintiff's claims against him. Plaintiff alleges that "In failing to adopt an adequate policy or practice, Cowen acted with deliberate indifference to the foreseeable consequence that inmates reporting misconduct would be beaten and injured." Doc. No. 7 at 3. Plaintiff also states that Cowen failed to adopt policies "knowing" that there was this custom. Id. "[A] supervisor may be held liable for what he does (or fails to do) if his behavior demonstrates deliberate indifference to conduct that is itself violative of a plaintiff's constitutional rights." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994). "An important factor in making the determination of liability is whether the official was put on some kind of notice of the alleged violations, for one cannot make a 'deliberate' or 'conscious' choice to act or not to act unless confronted with a problem that requires the taking of affirmative steps. Once an official is so notified, either actually or constructively, it is reasonable to infer that the *failure* to take such steps, as well as the actual *taking* of them constitutes a choice 'from among various alternatives.'" Lipsett v. Univ. of P.R., 864 F.3d 881, 902 (1st Cir. 1988) (quoting

Pembaur v. City of Cincinnati, 475 U.S. 469, 483–84 (1986)) (citation omitted).

Plaintiff's allegations against Cowen "do[] little more than assert a legal conclusion about the involvement of [Cowen] in the underlying constitutional violation." Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2006) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The factual allegations the Complaint does assert concern only the John Doe defendant; these allegations are insufficient to support a reasonable inference capable of sustaining the claim against Cowen. The Motion to Dismiss, Doc. No. 11, is ALLOWED without prejudice.

                                           SO ORDERED.

                                      /s/ Leo T. Sorokin
                                      Leo T. Sorokin
                                      United States District Judge